**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4278**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RENNEL JEFFREY PARSON, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:19-cr-00558-WO-1)

Submitted:  November 19, 2020                    Decided:  November 23, 2020

Before WILKINSON, KING, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Duberstein, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Terry Michael Meinecke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Rennel Jeffrey Parson, Jr., pled guilty to the distribution of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). The district court sentenced Parson to 60 months' imprisonment and 4 years of supervised release. On appeal, counsel for Parson filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but seeking review of the reasonableness of Parson's sentence. Parson did not file a supplemental pro se brief despite notice of his right to do so. The Government declined to file a response brief. Finding no error, we affirm.

We review a sentence for reasonableness under a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Id*. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, considered the 18 U.S.C. § 3553(a) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. *Id*. at 49-51. If we find the sentence procedurally reasonable, we may then review the sentence for substantive reasonableness, examining the totality of the circumstances. *Id*. at 51. We presume that a within-Guidelines sentence is substantively reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). Parson bears the burden to rebut this presumption "by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *United States v. Gutierrez*, 963 F.3d 320, 344 (4th Cir. 2020) (internal quotation marks omitted).

2

Our review of the record convinces us that Parson's sentence is reasonable. The district court correctly calculated the applicable advisory Guidelines range, heard and responded to counsel's arguments, provided Parson with an opportunity to allocute, and provided an adequate, individualized explanation of his sentence, grounded in the § 3553(a) sentencing factors. Parson fails to rebut the presumption of substantive reasonableness accorded his within-Guidelines sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Parson, in writing, of the right to petition the Supreme Court of the United States for further review. If Parson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Parson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*